474 P.2d 860

L. P. GRAHAM and Dorothy Graham, husband and wife, Appellants,

v.

James A. SHOOKE and Lois Shooke, husband and wife, Appellees.

No. 2 CA–CIV 827.

Court of Appeals of Arizona,
Division 2.

Sept. 25, 1970.

Rehearing Denied Oct. 26, 1970.
Review Granted Dec. 15, 1970.

Lesher & Scruggs, by D. Thompson Slutes, Tucson, for appellants.

Hirsch & Pakula, by Arthur L. Hirsch, Tucson, for appellees.

HATHAWAY, Judge.

Appellant, defendant below, is appealing a jury's finding that he and appellee were partners in a pet hospital. After the finding the case was submitted to a master to determine what proper accounting should be made to appellee. The master awarded the appellee a $50,000 judgment against appellant. The master and his findings are not questioned in this appeal, and we therefore will no longer concern ourselves with that aspect of the case.

In 1948 both appellant and appellee were employed by the Broadway Animal Hospital in Tucson. In 1949 appellant decided to open his own animal hospital and appellee went with him. Appellant claims that appellee was merely an employee of his while appellee claims that he had a 40% partnership interest and the appellant a 60% interest. Under appellee's version of the arrangement, he was to manage the hospital and appellant was to administer medical treatment. During these years appellee never filed a partnership tax return, and no written agreement of partnership was ever made.

In 1957 another doctor came to the hospital and eventually a corporation was formed between him and appellant. The corporation ended shortly thereafter with appellant buying out the other doctor's share.

Finally in 1962 the "working arrangement" between appellant and appellee was

terminated, and appellee demanded an accounting of his 40% share for the years 1949–1962. It is upon these facts and findings that an appeal has been made.

■ During the course of the trial, appellant attempted to introduce an automobile insurance application of appellee where appellee had given his occupation as "technician, Graham Pet Hospital." The trial court refused to allow the application to be admitted since it had not been produced at the pretrial conference. (Uniform Rules of Practice of the Superior Court of Arizona, VI(b) A.R.S. vol. 17, Pocket Supp.) Appellant argues that the offering was an exception to Superior Court Rule VI(b) for two reasons—(1) the existence of the application for insurance was unknown at the time of pretrial and (2) admission should have been allowed in the interest of justice since it is of great probative value and did not surprise appellee.

Superior Court Rule VI(b) allows introduction of an exhibit even though it was not produced at pretrial conference "in the interest of justice." The application was introduced for the purpose of substantiating testimony of the appellee to prove that appellee considered himself an employee and had held himself out as one. Evidence was admitted showing that Arizona unemployment insurance had been collected and that appellee had told the unemployment insurance commission his job had expired. Payroll records were introduced listing appellee as an employee. Appellee stipulated that he had in each year reported income as an employee and had never filed a partnership return. The filing for unemployment benefits and the filing of the tax returns appears of much stronger and probative force than the excluded evidence; possibly subjecting appellee to legal action. We do not attribute to the application for insurance the critical probative value urged by the appellant. Appellee's status as a non-veterinarian is not attacked by appellant to show ineligibility as a part-

ner. The evidence would appear irrelevant. We see no prejudice to him through exclusion of the evidence.

Another reason for excluding the proposed exhibit is appellant's apparent lack of diligence in discovering the application. The application was made in 1962. The pretrial conference was held in early 1964. Appellant had at least one year to discover it. It is our opinion that if due diligence had been used, discovery of the application could have been made. We find no abuse of the trial judge's discretion in excluding the evidence.

The appellant's next contention is that the trial court failed to give appellant's requested instruction number nine which provided:

"You are instructed that if you find that a partnership was formed for the purpose of carrying out a lawful business but that it was carried on in an illegal manner, you must refuse to accept its existence."

■ It is not error to refuse an instruction which incorrectly states the law or which states it only partially tending to mislead the jury. Valley National Bank v. Witter, 58 Ariz. 491, 121 P.2d 414 (1942). Where a partnership is formed for a legal business which afterward becomes illegal, an accounting may be had as to the business transacted prior to the illegal business. 68 C.J.S. Partnership § 7a, p. 410. Here, the appellant was to handle the medical treatments and the appellee the administrative chores. The proof of both parties indicates that over a period of time appellee took control of most of the surgery. No evidence appears indicating the extent a veterinarian may legally delegate to another, under his supervision, the treatment and care of patients. However, even if the partnership became illegal, appellee could have had an accounting for the profits received before the illegal actions took place. Appellant's requested instruction is not a complete statement of the law and

would tend to mislead the jury because no instruction was included on the theory of *pari delicto*. Where both parties are equally at fault, an illegal contract will not be enforced by the courts as a matter of public policy. Brand v. Elledge, 89 Ariz. 200, 360 P.2d 213 (1961). The court continued, "However this rule applies *only* where the parties to the wrongful act are equally at fault." Accordingly, even if the partnership became illegal, if the appellant was more at fault than appellee, appellee would still be entitled to an accounting. Both parties attempted to show that the other was more at fault. Appellant's requested instruction on illegality, without the inclusion of an explanation of *pari delicto* was not a full statement of the law and would tend to mislead the jury. Appellant waived further instruction by not making an appropriate request under Rule VIII(b), Uniform Rules of the Superior Court.

In considering appellant's final argument that the jury's verdict was based on passion and prejudice, contrary to law, and not supported by the evidence, we must view the evidence in the light most favorable to appellee and to sustaining the judgment. Nichols v. Elkins, 2 Ariz.App. 272, 408 P.2d 34 (1965). The appellate court is concerned only that facts do exist which might reasonably support the judgment, and if they do, the judgment must be sustained. Hillman v. Busselle, 66 Ariz. 139, 185 P.2d 311 (1947). It is our opinion that there are sufficient facts and evidence in the court record to sustain the verdict.

Appellant contends there is no evidence showing appellee had right to equal control. Although one partner has sole control over partnership assets, a partnership may still exist. Brand v. Elledge, 101 Ariz. 352, 419 P.2d 531 (1966). Secondly, appellant raises the question of laches and the statute of limitations. The jury was properly instructed by the trial court as to the effect of the statute of limitations. Whether the statute of limitations is in effect depends upon the circumstances

of each particular case. Younis v. Griego, 72 Ariz. 369, 236 P.2d 358 (1951). Appellant contends that laches should be enforced against appellee because he had not previously asked for an accounting. Brand v. Elledge, 101 Ariz. 352, 419 P.2d 531 (1966) holds exactly the opposite. The defense of laches is largely within the sound discretion of the trial court, Nichols v. Elkins, 2 Ariz.App. 272, 408 P.2d 34 (1965) and is a matter to be determined according to the circumstances of the particular case. Younis v. Griego, 72 Ariz. 369, 236 P.2d 358 (1951); (court quoted from 68 C.J.S. Partnership § 414, that defendant must have been placed in disadvantageous position). The trial court has not abused its discretion.

As to appellant's argument that the partnership ended in 1957 with the formation of a corporation between appellant and another doctor, the jury chose to believe appellee's testimony that he was told by appellant everything would remain the same as to their partnership. Appellant's problems seem to arise from the fact that part of appellant's testimony was directly contradicted by a party without an interest in this case. The jury was therefore, as properly instructed by the judge, entitled to disregard appellant's entire testimony. Appellee and his witnesses testified that there was a partnership, and appellee had periodically withdrawn money from the business —as much as $1,000 and $5,000 at a time. Under all of these circumstances we believe that there was ample evidence upon which a jury could base its verdict.

Affirmed.

KRUCKER, J., concurs.

HOWARD, Chief Judge (dissenting).

The courts refuse an accounting of a partnership where to do so would be to aid a claim based on a violation of the law. The justification of the rule is the discouragement of illegal transactions by placing the parties outside the protection of the law. An excellent discussion of the subject matter together with exceptions to the

general rule can be found in the annotation in 32 A.L.R.2d page 1345 et seq. One of the exceptions to the general rule is that found in Brand v. Elledge, supra, cited by the majority. That exception being that the rule does not apply where one party's wrong is slight in comparison with the other. In other words, the rule only operates when the parties are in pari delicto. Contrary to the innocence established by the evidence and attributed to both parties in the case of Brand v. Elledge, supra, the evidence in this case clearly shows that the parties were in pari delicto. The plaintiff insisted throughout the trial that he did the greatest portion of the major surgery on the animals. A.R.S. § 32–2244, which has since been amended, provided in part that a person was guilty of a misdemeanor who "[P]ractices veterinary medicine or surgery without a license and registration." There is no doubt in my mind that the continued conduct on the part of the plaintiff in performing major surgery on the animals violated this statute.

The only issue that was decided by the advisory jury was whether or not there was a partnership agreement in the first instance. The illegality of the conduct of the parties was still before the court even after the verdict and was clearly and convincingly shown by the evidence. The judgment in this case is clearly against the weight of the evidence. When the jury is advisory, the court which has submitted the issues remains responsible for the ultimate decision of fact as well as of law. See cases Annot. 156 A.L.R. pages 1150–1153.

Some portions of the transactions involved were legal. Therefore I would reverse and remand the case to the trial court to determine whether or not the illegal transactions are separable from the legal transactions and if so, that there be an accounting of the legal transactions. See cases Annot. 32 A.L.R.2d pages 1433–1437.

If the items are incapable of separation then judgment should be entered in favor of the defendant and against the plaintiff.